WILLIAM W. JACKSON, Respondent, v. HENRY W. DONALD, Appellant.

Second Department, February 9, 1917.

Building contract — agreement to change building material — action by contractor — evidence.

In an action by a builder to recover on a building contract, it appeared that the plaintiff agreed to construct a house that should not cost over $10,000; that he presented a bill for extra work for $2,414.50, of which $2,005 was for changing the building material from unit brick to hollow tile, and that the owner and his wife testified that the plaintiff upon recommending the change, said that there would be no increase of cost. The plaintiff admits that he stated that the hollow tile would cost only a few hundred dollars more, but that he made the representation in ignorance of what the cost would be.

Held, on all the evidence, that a judgment for the plaintiff should be reversed and a new trial granted so that it may be ascertained (1) whether the plaintiff agreed to use the hollow tile without extra charge, or if not (2) what sum should be paid him for using such material.

APPEAL by the defendant, Henry W. Donald, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Suffolk on the 21st day of February, 1916, upon the report of a referee appointed to hear and determine the issues.

Percy L. Housel, for the appellant.

George H. Furman [Timothy M. Griffing with him on the brief], for the respondent.

PER CURIAM:

The plaintiff agreed to build a house that should not cost over $10,000. He presented a bill for extra work for $2,414.50,

of which $2,005 was for changing the building material from unit brick to hollow tile, although the owner and his wife testified that the plaintiff, upon recommending the change, said that there would be no increase of cost, which seems much nearer the truth than the conclusion reached by the referee, as the plaintiff admits that he stated to the owner that the hollow tile would cost but a few hundred dollars more. The plaintiff says that he made the representation in ignorance of what the cost would be. He is then in the culpable position of having induced the owners to substitute the hollow tile upon a representation that he personally did not know to be true, and of charging a price that cannot be brought within the scope of the representation. If he should be allowed to recover any extra compensation the sum should bear some relation to what he promised that it would be. Two thousand dollars is not a few hundred dollars and cannot be honestly approximated to it. Moreover, there is not sufficient evidence of the difference in cost of using the hollow tile rather than the unit brick. The plaintiff when testifying had no personal knowledge of the cost of laying the unit brick or the hollow tile and his statement concerning the cost of the stucco partakes too much of a mere estimate.

The judgment should be reversed, without costs in this court, and a new trial granted, costs to abide the award of costs, to the end that it may be ascertained, (1) whether the plaintiff agreed to use the hollow tile without extra charge, or, if not, (2) what sum consonant with plaintiff's representation should be paid him for using such material.

JENKS, P. J., THOMAS, MILLS, RICH and PUTNAM, JJ., concurred.

Judgment reversed, without costs in this court, and a new trial granted, costs to abide the award of costs, to the end that it may be ascertained, (1) whether the plaintiff agreed to use the hollow tile without extra charge or, if not, (2) what sum consonant with plaintiff's representation should be paid him for using such material.